UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY and AMY JULIA HARRIS,<br><br>Plaintiffs,<br><br>-v-<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Defendant. | 24 Civ. 8747 (JLR)<br><br>**ANSWER** |

Defendant the United States Department of State ("Department" or "Defendant"), by its attorney, Edward Y. Kim, Acting United States Attorney for the Southern District of New York, answers the complaint of plaintiffs The New York Times Company and Amy Julia Harris (together, "Plaintiffs") dated November 18, 2024 (ECF No. 1, "Complaint"). To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint in like numbered paragraphs, upon information and belief, as follows:

1.      Paragraph 1 of the Complaint consists of Plaintiffs' characterizations of this action, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 1 of the Complaint, except admits that Plaintiffs seek relief

pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and submitted FOIA requests that are the subject of this action.

2.      Defendant admits that Plaintiffs submitted twelve FOIA requests to the Department and respectfully refers the Court to the requests for a complete and accurate statement of their contents.

3.      Paragraph 3 of the Complaint contains Plaintiffs' characterization of the intended objective of their requests, to which no response is required.  The remainder of Paragraph 3 consists of factual allegations and characterizations that are unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.

## PARTIES[1]

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6.      Defendant admits that it is a federal agency subject to the terms of FOIA and that it oversees the J-1 Visa Program.  The second sentence of Paragraph 6 of the Complaint consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant asserts that it is undertaking efforts to determine whether it has possession of records responsive to Plaintiffs' requests.

---

[1]      For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## JURISDICTION AND VENUE

7.      Paragraph 7 of the Complaint consists of Plaintiff's legal conclusions concerning jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendant admits that the Court has jurisdiction over claims involving proper FOIA requests, subject to the terms, conditions, and limitations of FOIA.

8.      Paragraph 8 of the Complaint consists of Plaintiff's legal conclusions concerning venue, to which no response is required.  To the extent a response is deemed required, Defendant denies knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning The New York Times Company's place of business.

9.      Paragraph 9 of the Complaint consists of Plaintiffs' characterization of a provision of FOIA, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provision for a complete and accurate statement of its contents.

10.      Paragraph 10 of the Complaint consists of Plaintiffs' characterization of a provision of FOIA, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provision for a complete and accurate statement of its contents.  Additionally, to the extent a response is deemed required, Defendant denies the allegations in this paragraph and avers that an agency may comply with FOIA by informing a requester that it identified no records responsive to the request.

11.      Paragraph 11 of the Complaint consists of Plaintiffs' characterization of a provision of FOIA, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provision for a complete and accurate statement of its contents.

12.     Paragraph 12 of the Complaint consists of a legal conclusion, to which no response is required.  Defendant respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

## BACKGROUND

### The J-1 Visa Program

13.     Paragraph 13 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.

14.     Paragraph 14 of the Complaint consists of characterizations of the contents of and quotations from statutes and regulations, to which no response is required.  Defendant respectfully refers the Court to the relevant provisions for a complete and accurate statement of their contents.

15.     Paragraph 15 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.

16.     Paragraph 16 of the Complaint consists of Plaintiffs' characterization of the contents of a regulation and Plaintiffs' requests, to which no response is required.  Defendant respectfully refers the Court to the cited regulation and Plaintiffs' requests for a complete and accurate statement of their contents.

17.     Paragraph 17 of the Complaint consists of characterizations of the contents of, citations to, and quotations from regulations and websites, to which no response is required. Defendant respectfully refers the Court to the relevant provisions and websites for a complete and accurate statement of their contents.

18.     Paragraph 18 of the Complaint consists of Plaintiffs' characterization of a Ph.D. dissertation, to which no response is required.  Defendant respectfully refers the Court to the cited dissertation for a complete and accurate statement of its contents.

4

19.     Paragraph 19 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiffs' legal claims under FOIA; characterizations of the contents of and quotations from regulations; and characterizations of the contents of and citations to websites, to which no response is required.  Defendant respectfully refers the Court to the relevant provisions and websites for a complete and accurate statement of their contents.

20.     Paragraph 20 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiffs' legal claims under FOIA, and a characterization of the contents of a memorandum of understanding, to which no response is required.  Defendant respectfully refers the Court to the memorandum of understanding for a complete and accurate statement of its contents.

21.     Paragraph 21 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiffs' legal claims under FOIA, and characterizations of the contents of and quotations from regulations, to which no response is required.  Defendant respectfully refers the Court to the relevant provisions for a complete and accurate statement of their contents.

22.     Paragraph 22 of the Complaint consists of Plaintiffs' characterization of the contents of and citation to regulations, to which no response is required.  Defendant respectfully refers the Court to the relevant provisions for a complete and accurate statement of their contents.

23.     Paragraph 23 of the Complaint consists of Plaintiffs' characterization of the contents of and citation to regulations, to which no response is required.  Defendant respectfully refers the Court to the relevant provisions for a complete and accurate statement of their contents.

24.     Paragraph 24 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiffs' legal claims under FOIA; characterizations of the contents of and quotations from regulations; and characterization of the contents of and citation to a website, to

which no response is required.  Defendant respectfully refers the Court to the relevant provisions and website for a complete and accurate statement of their contents.

25.    Paragraph 25 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiffs' legal claims under FOIA, and citation to a website, to which no response is required. Defendant respectfully refers the Court to the website for a complete and accurate statement of their contents.

26.    Paragraph 26 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiffs' legal claims under FOIA, characterization of and citation to a Congressional Record and a presidential proclamation, and characterization of and citation to news articles, to which no response is required.  Defendant respectfully refers the Court to the relevant materials for a complete and accurate statement of their contents.

27.    Paragraph 27 of the Complaint consists of Plaintiffs' characterization of the purpose and contents of certain of their FOIA requests, to which no response is required.  Defendant respectfully refers the Court to the requests for a complete and accurate statement of their contents.

28.    Paragraph 28 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiffs' legal claims under FOIA, and characterization of and citation to news articles, to which no response is required.  Defendant respectfully refers the Court to the articles for a complete and accurate statement of their contents.

29.    Paragraph 29 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiffs' legal claims under FOIA, and characterization of and citation to a news article and regulations, to which no response is required.  Defendant respectfully refers the Court to the cited materials for a complete and accurate statement of their contents.

30.      Paragraph 30 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiffs' legal claims under FOIA, and characterization of and citation to a Government Accountability Office report, to which no response is required.   Defendant respectfully refers the Court to the report for a complete and accurate statement of its contents.

31.      To the extent the allegations in Paragraph 31 of the Complaint seek to provide support for allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they consist of factual allegations and characterizations that are unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.  With respect to the second sentence of Paragraph 31, Defendant asserts that it is undertaking efforts to determine whether it has possession of records responsive to Plaintiffs' requests.

32.      In response to the first sentence of Paragraph 32 of the Complaint, Defendant asserts that it is undertaking efforts to determine whether it has possession of records responsive to Plaintiffs' requests.  The remainder of Paragraph 32 consists of characterizations of the contents of and quotations from regulations, to which no response is required.  Defendant respectfully refers the Court to the relevant provisions for a complete and accurate statement of their contents.

33.      Paragraph 33 of the Complaint consists of Plaintiff's characterization of the purpose and contents of certain of their FOIA requests, to which no response is required.  Defendant respectfully refers the Court to Plaintiff's requests for a complete and accurate statement of their contents.

34.     In response to the first sentence of Paragraph 34 of the Complaint, Defendant asserts that it is undertaking efforts to determine whether it has possession of records responsive to Plaintiffs' requests.   The remainder of Paragraph 34 of the Complaint consists of characterizations of the contents of and quotations from regulations and State Department forms, to which no response is required.  Defendant respectfully refers the Court to the cited materials for a complete and accurate statement of their contents.

35.     Paragraph 35 of the Complaint consists of a characterization of the contents of the Department of State's Summer Work Travel Incident Reporting Rubric, to which no response is required.  Defendant respectfully refers the Court to the rubric for a complete and accurate statement of its contents.

36.     Paragraph 36 of the Complaint consists of a characterization of the contents of the Department of State's Intern & Trainee Program Incident Reporting Rubric, to which no response is required.  Defendant respectfully refers the Court to the rubric for a complete and accurate statement of its contents.

37.     Paragraph 37 of the Complaint consists of Plaintiff's characterization of the purpose and contents of certain of their FOIA requests, to which no response is required.  Defendant respectfully refers the Court to Plaintiff's requests for a complete and accurate statement of their contents.

38.     Paragraph 38 of the Complaint consists of Plaintiff's characterization of the purpose and contents of their FOIA requests, to which no response is required.  Defendant respectfully refers the Court to Plaintiff's requests for a complete and accurate statement of their contents.

<u>The Placement Requests</u>

*Request 1 (SWT Program Placements)*

39.     Defendant admits that it received a FOIA request dated April 30, 2024, from Plaintiffs.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

40.     Defendant admits that it received correspondence from Plaintiffs on June 10, 2024, and June 17, 2024, and that it did not respond to that correspondence.  Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

41.     Defendant admits that it received Plaintiffs' administrative appeal on September 3, 2024.  Defendant respectfully refers the Court to that appeal for a complete and accurate statement of its contents.  The allegation that Defendant constructively denied the request is a legal argument, to which no response is required.

42.     Defendant admits that it sent Plaintiffs a letter denying their administrative appeal on September 10, 2024.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

43.     Defendant admits that it sent Plaintiffs a letter denying their administrative appeal on September 10, 2024.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

44.     Defendant admits that it received correspondence from Plaintiffs on September 17, 2024.  Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

45.     Defendant admits that it received correspondence from Plaintiffs on October 25, 2024, and that it did not respond to that correspondence.  Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

46.     Defendant admits that it sent correspondence to Plaintiffs on October 29, 2024, confirming receipt of Plaintiff's request and assigning it tracking number F-2024-22455. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

47.     Defendant admits that it was still processing request F-2024-22455 when Plaintiffs filed the Complaint in this action.

*Request 2 (Intern Program Placements)*

48.     Defendant admits that it received a FOIA request dated May 9, 2024, from Plaintiffs.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

49.     Defendant admits that it received Plaintiffs' administrative appeal on September 3, 2024, and that it had not at that point responded to Plaintiffs' request.  Defendant respectfully refers the Court to that appeal for a complete and accurate statement of its contents.  The allegation that Defendant constructively denied the request is a legal argument, to which no response is required.

50.     Defendant admits that it sent Plaintiffs a letter denying their administrative appeal on September 10, 2024.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

51.     Defendant denies that its September 10, 2024, correspondence acknowledged Plaintiffs' request and assigned it tracking number F-2024-12352.  Defendant avers that it sent

Plaintiffs correspondence on September 6, 2024, confirming receipt of Plaintiffs' request and assigning it tracking number F-2024-12352. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of their contents.

52.     Defendant admits that it was still processing Request F-2024-12352 when Plaintiffs filed the Complaint in this action.

### Request 3 (Trainee Program Placements)

53.     Defendant admits that it received a FOIA request dated August 2, 2024, from Plaintiffs. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

54.     Defendant admits that it sent Plaintiffs correspondence on August 13, 2024, confirming receipt of Plaintiffs' request and assigning it tracking number F-2024-17083. Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

55.     Defendant admits that it sent Plaintiffs correspondence on August 13, 2024. Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

56.     Defendant admits that it received Plaintiffs' administrative appeal on September 3, 2024, and that it had not at that point responded to Plaintiffs' request. Defendant respectfully refers the Court to that appeal for a complete and accurate statement of its contents. The allegation that Defendant constructively denied the request is a legal argument, to which no response is required.

57.     Defendant admits that it sent Plaintiffs a letter denying their administrative appeal on September 10, 2024.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

58.     Defendant admits that it was still processing Request F-2024-17083 when Plaintiffs filed the Complaint in this action.

*Request 4 (Suspensions and Terminations for All Sponsors)*

59.     Defendant admits that it received a FOIA request dated June 20, 2024, from Plaintiffs.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

60.     Defendant admits that it sent Plaintiffs correspondence on July 24, 2024, confirming receipt of Plaintiffs' request and assigning it tracking number F-2024-15469. Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

61.     Defendant admits that it sent Plaintiffs correspondence on July 24, 2024. Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

62.     Defendant admits that it received Plaintiffs' administrative appeal on September 3, 2024, and that it had not at that point responded to Plaintiffs' request.  Defendant respectfully refers the Court to that appeal for a complete and accurate statement of its contents.  The allegation that Defendant constructively denied the request is a legal argument, to which no response is required.

63.     Defendant admits that it sent Plaintiffs a letter denying their administrative appeal on September 10, 2024.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

64.     Defendant admits that it was still processing Request F-2024-15469 when Plaintiffs filed the Complaint in this action.

<em>Request 5 (SWT Sponsor Sanctions)</em>

65.     Defendant admits that it received a FOIA request dated May 8, 2024, from Plaintiffs.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

66.     Defendant admits that it sent Plaintiffs correspondence on June 4, 2024, confirming receipt of Plaintiffs' request and assigning it tracking number F-2024-12319.   Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

67.     Defendant admits that it sent Plaintiffs correspondence on June 4, 2024.  Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

68.     Defendant admits that it sent Plaintiffs correspondence on June 5, 2024.  Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

69.     Defendant admits that it received correspondence from Plaintiffs on June 5, 2024.  Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

70.     Defendant admits that it received correspondence from Plaintiffs on June 12, 2024, regarding among other things, Request F-2024-12319, and that it had not at that point responded to Plaintiffs' June 5, 2024, correspondence.  Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

71.     Defendant admits that it sent Plaintiffs correspondence on June 24, 2024, informing Plaintiffs that the Department had closed the request.  Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

72.     Defendant admits that it received correspondence from Plaintiffs on June 24, 2024, in response to Defendant's earlier June 24, 2024, correspondence.  Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

73.     Defendant admits that it sent Plaintiffs correspondence on June 25, 2024, confirming receipt of Plaintiffs' June 24, 2024, correspondence.  Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

74.     Defendant admits that it received Plaintiffs' administrative appeal on September 3, 2024, and that it had not at that point provided a determination with respect to Plaintiffs' request. Defendant respectfully refers the Court to that appeal for a complete and accurate statement of its contents.  The allegation that Defendant constructively denied the request is a legal argument, to which no response is required.

75.     Defendant admits that it sent Plaintiffs a letter denying their administrative appeal on September 10, 2024.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

76.     Defendant admits that it was still processing Request F-2024-12319 when Plaintiffs filed the Complaint in this action.

*Request 6 (Trainee Sponsor Sanctions)*

77.     Defendant admits that it received a FOIA request dated August 2, 2024, from Plaintiffs.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

78.     Defendant admits that it received Plaintiffs' administrative appeal on September 3, 2024, and that it had not at that point responded to Plaintiffs' request.  Defendant respectfully refers the Court to that appeal for a complete and accurate statement of its contents.  The allegation that Defendant constructively denied the request is a legal argument, to which no response is required.

79.     Defendant admits that it sent Plaintiffs a letter denying Plaintiffs' administrative appeal on September 10, 2024.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

80.     Defendant denies that its September 10, 2024, correspondence confirmed its receipt of Plaintiffs' request and assigned it tracking number F-2024-17071.  Defendant avers that it sent Plaintiffs correspondence on September 6, 2024, confirming receipt of Plaintiffs' request and assigning it tracking number F-2024-17071.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

81.     Defendant admits that it was still processing Request F-2024-17071 when Plaintiffs filed the Complaint in this action.

*Request 7 (Third Party Sanctions)*

82.    Defendant admits that it received a FOIA request dated May 24, 2024, from Plaintiffs.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

83.    Defendant admits that it received Plaintiffs' administrative appeal on September 3, 2024, and that it had not at that point responded to Plaintiffs' request.  Defendant respectfully refers the Court to that appeal for a complete and accurate statement of its contents.  The allegation that Defendant constructively denied the request is a legal argument, to which no response is required.

84.    Defendant admits that it sent Plaintiffs a letter denying Plaintiffs' administrative appeal on September 10, 2024.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

85.    Defendant denies that its September 10, 2024, correspondence confirmed its receipt of Plaintiffs' request and assigned it tracking number F-2024-14124.  Defendant avers that it sent Plaintiffs correspondence on September 6, 2024, confirming receipt of Plaintiffs' request and assigning it tracking number F-2024-14124.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

86.    Defendant admits that it was still processing Request F-2024-14124 when Plaintiffs filed the Complaint in this action.

The Incident Requests

*Request 8 (SWT Incident Reports)*

87.     Defendant admits that it received a FOIA request dated May 14, 2024, from Plaintiffs.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

88.     Defendant admits that it received Plaintiffs' administrative appeal on September 3, 2024, and that it had not at that point responded to Plaintiffs' request.  Defendant respectfully refers the Court to that appeal for a complete and accurate statement of its contents.  The allegation that Defendant constructively denied the request is a legal argument, to which no response is required.

89.     Defendant admits that it sent Plaintiffs a letter denying Plaintiffs' administrative appeal on September 10, 2024.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

90.     Defendant denies that its September 10, 2024, correspondence confirmed its receipt of Plaintiffs' request and assigned it tracking number F-2024-12793.  Defendant avers that it sent Plaintiffs correspondence on September 6, 2024, confirming receipt of Plaintiffs' request and assigning it tracking number F-2024-12793.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

91.     Defendant admits that it was still processing Request F-2024-12793 when Plaintiffs filed the Complaint in this action.

*Request 9 (SWT Injuries and Deaths)*

92.     Defendant admits that it received a FOIA request dated May 14, 2024, from Plaintiffs.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

93.     Defendant admits that it was still processing this request when Plaintiffs filed the Complaint in this action.  Defendant avers that it sent Plaintiffs a letter dated December 12, 2024, acknowledging their request and assigning it tracking number F-2025-05888 and litigation tracking number FL-2025-00020.

*Request 10 (Aggregate SWT Incident Data)*

94.     Defendant admits that it received a FOIA request dated October 8, 2024, from Plaintiffs.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

95.     Defendant admits that it was still processing this request when Plaintiffs filed the Complaint in this action.  Defendant avers that it sent Plaintiffs a letter dated December 12, 2024, acknowledging their request and assigning it tracking number F-2025-05890 and litigation tracking number FL-2025-00022.

*Request 11 (Aggregate Intern Incident Data)*

96.     Defendant admits that it received a FOIA request dated October 8, 2024, from Plaintiffs.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

97.     Defendant denies that it received correspondence from Plaintiffs on October 8, 2024, amending this request.  Defendant avers that it received correspondence from Plaintiffs on

October 28, 2024, amending this request and respectfully refers the Court to the request for a complete and accurate statement of its contents.

98.    Defendant admits that it sent Plaintiffs correspondence on October 24, 2024, confirming receipt of Plaintiffs' original request and assigning it tracking number F-2025-01740. Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

99.    Defendant admits that it sent Plaintiffs correspondence on October 24, 2024. Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

100.    Defendant admits that it was still processing Request F-2025-01740 when Plaintiffs filed the Complaint in this action.

*Request 12 (Aggregate Trainee Incident Data)*

101.    Defendant admits that it received a FOIA request dated August 2, 2024, from Plaintiffs.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

102.    Defendant admits that it sent Plaintiffs correspondence on August 15, 2024, confirming receipt of Plaintiffs' original request and assigning it tracking number F-2024-17080. Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

103.    Defendant admits that it sent Plaintiffs correspondence on August 15, 2024. Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents.

104.    Defendant admits that it received Plaintiffs' administrative appeal on September 3, 2024, and that it had not, at that point, provided a determination with respect to Plaintiffs' request. Defendant respectfully refers the Court to that appeal for a complete and accurate statement of its contents.  The allegation that Defendant constructively denied the request is a legal argument, to which no response is required.

105.    Defendant admits that it sent Plaintiffs a letter denying Plaintiffs' administrative appeal on September 10, 2024.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

106.    Defendant admits that it was still processing Request F-2024-17080 when Plaintiffs filed the Complaint in this action.

## FIRST CAUSE OF ACTION (REQUEST 1)

107.    Defendant incorporates by reference its responses to Paragraphs 1 to 106 of the Complaint.

108.    Paragraph 108 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is a federal agency subject to FOIA and respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

109.    Paragraph 109 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant admits that it did not make a determination on the request within 20 business days.

110.    Paragraph 110 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to FOIA for a complete and

accurate statement of its contents.

111.    Paragraph 111 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

112.    Paragraph 112 of the Complaint consists of legal conclusions and Plaintiffs' requested relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or any relief.

## SECOND CAUSE OF ACTION (REQUEST 2)

113.    Defendant incorporates by reference its responses to Paragraphs 1 to 112 of the Complaint.

114.    Paragraph 114 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is a federal agency subject to FOIA and respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

115.    Paragraph 115 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

116.    Paragraph 116 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

117.    Paragraph 117 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph.

118.    Paragraph 118 of the Complaint consists of legal conclusions and Plaintiffs' requested relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or any relief.

## THIRD CAUSE OF ACTION (REQUEST 3)

119.    Defendant incorporates by reference its responses to Paragraphs 1 to 118 of the Complaint.

120.    Paragraph 120 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is a federal agency subject to FOIA and respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

121.    Paragraph 121 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

122.    Paragraph 122 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

123.    Paragraph 123 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

124.    Paragraph 124 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations this paragraph.

125.    Paragraph 125 of the Complaint consists of legal conclusions and Plaintiffs'
requested relief, to which no response is required.  To the extent a response is deemed required,
Defendant denies that Plaintiffs are entitled to the relief requested, or any relief.

## FOURTH CAUSE OF ACTION (REQUEST 4)

126.    Defendant incorporates by reference its responses to Paragraphs 1 to 125 of the
Complaint.

127.    Paragraph 127 of the Complaint consists of Plaintiffs' characterization of
Defendant's legal obligations under FOIA, to which no response is required.  To the extent a
response is deemed required, Defendant admits that it is a federal agency subject to FOIA and
respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

128.    Paragraph 128 of the Complaint consists of legal conclusions, to which no response
is required.  To the extent a response is deemed required, Defendant denies the allegations in this
paragraph.

129.    Paragraph 129 of the Complaint consists of legal conclusions, to which no response
is required.  To the extent a response is deemed required, Defendant denies the allegations in this
paragraph.

130.    Paragraph 130 of the Complaint consists of Plaintiffs' characterization of
Defendant's legal obligations under FOIA, to which no response is required.  To the extent a
response is deemed required, Defendant respectfully refers the Court to FOIA for a complete and
accurate statement of its contents.

131.    Paragraph 131 of the Complaint consists of legal conclusions, to which no response
is required.   To the extent a response is deemed required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations this paragraph.

132.    Paragraph 132 of the Complaint consists of legal conclusions and Plaintiffs' requested relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or any relief.

## FIFTH CAUSE OF ACTION (REQUEST 5)

133.    Defendant incorporates by reference its responses to Paragraphs 1 to 132 of the Complaint.

134.    Paragraph 134 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is a federal agency subject to FOIA and respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

135.    Paragraph 135 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

136.    Paragraph 136 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

137.    Paragraph 137 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

138.    Paragraph 138 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph.

139.    Paragraph 139 of the Complaint consists of legal conclusions and Plaintiffs' requested relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or any relief.

## SIXTH CAUSE OF ACTION (REQUEST 6)

140.    Defendant incorporates by reference its responses to Paragraphs 1 to 139 of the Complaint.

141.    Paragraph 141 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is a federal agency subject to FOIA and respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

142.    Paragraph 142 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

143.    Paragraph 143 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

144.    Paragraph 144 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

145.    Paragraph 145 of the Complaint consists of legal conclusions and Plaintiffs' requested relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or any relief.

### SEVENTH CAUSE OF ACTION (REQUEST 7)

146.    Defendant incorporates by reference its responses to Paragraphs 1 to 145 of the Complaint.

147.    Paragraph 147 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is a federal agency subject to FOIA and respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

148.    Paragraph 148 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

149.    Paragraph 149 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

150.    Paragraph 150 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

151.    Paragraph 151 of the Complaint consists of legal conclusions and Plaintiffs' requested relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or any relief.

## EIGHTH CAUSE OF ACTION (REQUEST 8)

152.    Defendant incorporates by reference its responses to Paragraphs 1 to 151 of the Complaint.

153.    Paragraph 153 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is a federal agency subject to FOIA and respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

154.    Paragraph 154 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

155.    Paragraph 155 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

156.    Paragraph 156 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

157.    Paragraph 157 of the Complaint consists of legal conclusions and Plaintiffs' requested relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or any relief.

## NINTH CAUSE OF ACTION (REQUEST 9)

158.    Defendant incorporates by reference its responses to Paragraphs 1 to 157 of the Complaint.

159.    Paragraph 159 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is a federal agency subject to FOIA and respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

160.    Paragraph 160 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

161.    Paragraph 161 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

162.    Paragraph 162 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

163.    Paragraph 163 of the Complaint consists of legal conclusions and Plaintiffs' requested relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or any relief.

**TENTH CAUSE OF ACTION (REQUEST 10)**

164.    Defendant incorporates by reference its responses to Paragraphs 1 to 163 of the Complaint.

165.    Paragraph 165 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is a federal agency subject to FOIA and

respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

166.    Paragraph 166 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

167.    Paragraph 167 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

168.    Paragraph 168 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

169.    Paragraph 169 of the Complaint consists of legal conclusions and Plaintiffs' requested relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or any relief.

**ELEVENTH CAUSE OF ACTION (REQUEST 11)**

170.    Defendant incorporates by reference its responses to Paragraphs 1 to 169 of the Complaint.

171.    Paragraph 171 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is a federal agency subject to FOIA and respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

172.    Paragraph 172 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this

paragraph.

173.    Paragraph 173 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

174.    Paragraph 174 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

175.    Paragraph 175 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

176.    Paragraph 176 of the Complaint consists of legal conclusions and Plaintiffs' requested relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or any relief.

**TWELFTH CAUSE OF ACTION (REQUEST 12)**

177.    Defendant incorporates by reference its responses to Paragraphs 1 to 176 of the Complaint.

178.    Paragraph 178 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is a federal agency subject to FOIA and respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

179.    Paragraph 179 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this

paragraph.

180.    Paragraph 180 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

181.    Paragraph 181 of the Complaint consists of Plaintiffs' characterization of Defendant's legal obligations under FOIA, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to FOIA for a complete and accurate statement of its contents.

182.    Paragraph 182 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

183.    Paragraph 183 of the Complaint consists of legal conclusions and Plaintiffs' requested relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or any relief.

## REQUEST FOR RELIEF

184.    The paragraph beginning with "WHEREFORE" on the thirty-third page of the Complaint, including subparagraphs "1" through "4", consists of Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or any other relief for the claims alleged in the Complaint.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied.  Without waiving, limiting, modifying, or amending the foregoing, Defendants aver the

following additional and affirmative defenses, in the alternative where appropriate, and to the extent discovery and the evidence so indicate:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

### SECOND DEFENSE

Plaintiffs are not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a.

### THIRD DEFENSE

Defendant's actions did not violate FOIA or any other statutory or regulatory provisions.

### FOURTH DEFENSE

Some or all of the requested records or information are exempt from disclosure, in whole or in part.  *See* 5 U.S.C. § 552(b).

### FIFTH DEFENSE

Plaintiffs' FOIA requests do not reasonably describe the records sought.

### SIXTH DEFENSE

Plaintiffs are neither eligible for nor entitled to injunctive relief, attorneys' fees, costs of suit, or any damages or any relief whatsoever.

### EIGHTH DEFENSE

Defendant has exercised due diligence in processing Plaintiffs' requests, but exceptional circumstances exist that necessitate additional time for Defendant to complete the processing of the requests.  5 U.S.C. § 552(a)(6)(C).

In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiffs.  Defendant may have additional defenses which are not currently known but may become known at a later time.  Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

Dated:    January 8, 2025
          New York, New York

                                        Respectfully submitted,

                                        EDWARD Y. KIM
                                        Acting United States Attorney for the
                                        Southern District of New York

                          By:    */s/ Rachael Doud*
                                        RACHAEL DOUD
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Tel.: (212) 637-2699
                                        rachael.doud@usdoj.gov